UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$50,900 IN UNITED STATES CURRENCY OF IBC BANK CASHIER'S CHECK #162263996 IN THE AMOUNT OF $250,910 IN UNITED STATES CURRENCY, SEIZED ON MAY 27, 2015, FROM INSURED AIRCRAFT TITLE SERVICE, INC.,<br><br>Defendant. | Civil Action No.<br>15-14125-FDS |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is an *in rem* civil forfeiture action. The United States alleges that the defendant property—"$50,900 in United States currency of IBC Bank Cashier's Check #16226396 in the amount of $250,910 in United States currency, seized on May 27, 2015, from Insured Aircraft Title Service, Inc., located in Oklahoma City, Oklahoma"—was intended to be used for the purchase of a Gulfstream II aircraft meant for use in narcotics trafficking. The government seeks forfeiture of the property pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

Pending before the Court are motions to dismiss the action filed by claimants Benjamin Polat and Luis Saldana Grillo. Claimants contend that the complaint must be dismissed because (1) venue is improper; (2) the government did not provide timely notice of the administrative forfeiture process; and (3) the complaint fails to establish probable cause for the forfeiture of the defendant currency. For the reasons stated below, the action will be transferred to the United

States District Court for the Western District of Oklahoma.

## I.     Background

### A.     Factual Background

The facts giving rise to this action are described in the affidavit of Drug Enforcement Agent John Grella, attached to the complaint as Exhibit A.  The bulk of Grella's affidavit describes an undercover investigation carried out by the DEA in Massachusetts.

Internationally-based narcotics traffickers generate large amounts of cash from their illegal activities in the United States that must be "laundered" before it can be repatriated back to the traffickers' home countries.  Grella Aff. ¶¶ 12-13.  Narcotics traffickers typically use the services of a third-party money broker, who in turn uses contacts in the United States to receive drug proceeds in cash and deposit them into the United States banking system.  *Id.* ¶ 15.

On April 8, 2015, an undercover DEA agent received a message from a Colombia-based money broker requesting that the agent "pick up" approximately $300,000 in cash in Boston.  *Id.* ¶ 16.  The broker eventually provided the agent with the cell phone number of the money courier and a photograph of the serial number of a one-dollar bill so that the courier and agent would be able to verify the other's identity.  *Id.*  On April 10, 2015, the agent met with the courier at a grocery store in Boston and obtained a brown bag containing $398,820 in United States currency.  *Id.* ¶¶ 17-26.

The agent deposited the currency into a DEA undercover account in Massachusetts.  On April 29, 2015, in accordance with the broker's instructions, the agent sent a wire transfer in the amount of $50,045 to account number 717213717 at the International Bank of Commerce.  *Id.* ¶ 27.  Neither the complaint nor the affidavit identify the location of International Bank of

Commerce.[1]  The broker identified the account holder as "Insured Aircraft Title Service" and provided the agent with an aircraft tail number, N689JE.[2]  A few days later, the broker requested that the agent retrieve the wire transfer because the money was needed in another account.  The agent did so.  On May 12, 2015, the broker instructed the agent to wire the $50,045 to an account at Bank of America in the name of "American Initiative Corporation."  *Id.* ¶ 28.  That wire was sent on May 13, 2015.  *Id.* ¶ 29.  The next day, the subject property account at International Bank of Commerce received a transfer from the American Initiative Corporation, Homestead, Florida, in the amount of $50,045.  According to the affidavit, that transaction was "associated with" the same aircraft tail number of N689JE.  *Id.* ¶ 30.

Insured Aircraft Title Service is based in Oklahoma City.  *Id.* ¶ 31.  Insured Aircraft Title Service received three other wire transfers for the purchase of N68JE, all of which were deposited into the same IBC account.  *Id.* ¶ 32.  Those three transactions were (1) $8,900 from Luis G. Saldana Grillo in Caracas, Venezuela, sent via Mercantil Commercebank in Coral Gables, Florida; (2) $42,000 from PeeBee Corporation in Aventura, Florida, sent via Bank of America;[3] and (3) $149,965 from Krause Ventures LTD in the British Virgin Islands, sent via Credicorp Bank in Panama City, Panama.  The first two transactions (from Saldana Grillo and PeeBee) make up the $50,900 that is the subject property in this action.

The description of the subject property indicates that it is a portion of an IBC cashier's check in the amount of $250,910; that it was seized on May 27, 2015; and that it is located in Oklahoma City, Oklahoma.  There is no additional information in the complaint or the Grella

---

[1] According to publicly-available information, IBC is headquartered in Laredo, Texas, and has branches in Texas and Oklahoma.  International Bank of Commerce, http://www.ibc.com (last visited Aug. 8, 2016).

[2] An aircraft "tail number" refers to the unique registration number of an aircraft, similar to the vehicle identification number of an automobile.

[3] Claimant Polat is the President of PeeBee Corp.  Grella Aff. ¶ 40; Notice of Verified Claim, Dkt. 13.

affidavit as to the circumstances of the seizure or the physical location of the property.

    **B.**    **Procedural Background**

The present *in rem* civil forfeiture action was filed on December 11, 2015. The government alleges that the defendant property was used or intended to be used to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841 and/or 846, and seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6). On December 28, 2015, this Court issued a warrant and monition.

Claimant Polat filed a notice of verified claim on March 11, 2016, and a motion to dismiss the complaint on April 5, 2016. Claimant Saldana Grillo filed a notice of verified claim and a motion to dismiss on April 19, 2016. Claimants contend that the complaint must be dismissed because (1) venue is improper; (2) the government did not provide timely notice of the administrative forfeiture process; and (3) the complaint fails to establish probable cause for the forfeiture of the defendant currency.

**II.**    **Analysis**

The government contends that the court has subject-matter jurisdiction and venue under 28 U.S.C. §§ 1355(b)(1), which provides that a forfeiture action "may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." *See Contents of Account No. 03001288 v. United States*, 344 F.3d 399, 403 (3d Cir. 2003) (Section 1355 grants district courts both jurisdiction and venue over forfeiture actions).[4]

At a minimum, the government must plausibly allege some connection between the

---

[4] Section 1355 also grants venue in "any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute." 28 U.S.C. § 1355(b)(1)(B). Section 1395 states, in relevant part, that "[a] civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found." 28 U.S.C.A. § 1395(a). Although the complaint cites to § 1395, the government argues in briefing that venue is proper under § 1355(b). Accordingly, as a technical matter, the Court will evaluate venue under the standard listed in Section 1355(b).

forum district and the *res* that is the subject of the forfeiture action.  Here, the only factual allegations in the complaint with any connection to Massachusetts involve the undercover investigation and tracing of $50,045 in currency received by an undercover agent and ultimately transferred to the International Bank of Commerce account in the name of Insured Aircraft Title Service.  That $50,045, however, is not the subject of this action.

The government cites *United States v. Contents of Bank of Am. Account No. 9163* for the proposition that venue is proper in the district where undercover law enforcement agents maintained an undercover bank account used to deposit and then transfer funds suspected of being drug proceeds.  2012 WL 1379783, at *1 (S.D. Ala. Apr. 4, 2012), *report and recommendation adopted sub nom. United States v. Contents of Bank of Am. Account No. 9163*, 2012 WL 1379409 (S.D. Ala. Apr. 20, 2012).  That case, however, involved the forfeiture of the actual funds that were deposited into and transferred from an undercover account located in the forum district.

In contrast, there are no facts alleged that the *res* here—the $8,900 transferred by Saldana Grillo and the $42,000 transferred by PeeBee Corp.—has any connection at all to the undercover account or to Massachusetts, nor are there any facts alleged connecting any acts or omissions of claimants to this district.  Accordingly, venue in the District of Massachusetts is improper.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought."  It appears that the appropriate venue is the Western District of Oklahoma, which (apparently) is the location of the subject property, the location of Insured Aircraft Title Service, and likely the location of the IBC

account.<sup>5</sup>  Therefore, rather than dismiss the action outright, the Court will transfer the case to that district.<sup>6</sup>

### III.     Conclusion

For the foregoing reasons, the Court hereby ORDERS that this action be transferred to the United States District Court for the Western District of Oklahoma.

**So Ordered.**

Dated: August 11, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

<sup>5</sup> The complaint alleges that the $8,900 transfer was made through an account at Mercantil Commercebank in Coral Gables, Florida, and that the $42,000 was sent from PeeBee Corporation, which is located in Aventura, Florida.  Both Coral Gables and Aventura located in the United States District Court for the Southern District of Florida.

<sup>6</sup> Because venue in this district is improper, the Court need not reach the issues of timely notice and probable cause.